JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRIA MOORE, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>INTERNATIONAL COSMETICS AND PERFUMES, INC. and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: ED CV 14-1179-DMG (DTBx)<br><br>**AMENDED FINAL JUDGMENT [132][133]** |

On November 3, 2017, Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Awards of Attorneys' Fees, Costs, and Incentive Payments came before the Court for hearing pursuant to the Order of this Court, dated August 4, 2017, ("Preliminary Approval Order") [Doc. # 128] on the application of Plaintiff Dria Moore and the Certified Classes for approval of the Settlement set forth in the Joint Stipulation of Class Action Settlement and Release

(the "Stipulation") [Doc. # 123-3]. Full and adequate notice having been given to the Classes as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Amended Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court finds that the Stipulation was the product of protracted, arm's-length negotiations between experienced counsel. The Court finds that the Stipulation is fair, reasonable, adequate, and in the best interests of the Classes and hereby grants final approval of the Stipulation. In doing so, the Court has thoroughly considered such factors as: the strength of Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the Class Members to the settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

4. All Parties are bound by this Amended Final Judgment and by the Stipulation.

5. The certified Class continues to meet all the requirements of California Code of Civil Procedure section 382, as already found, and for the reasons set forth, in the Court's Preliminary Approval Order.

6. Excluded from the Class are those persons who validly requested exclusion in accordance with the requirements set forth in the Preliminary

Approval Order.

7. Except as to Maria Reyes, who has validly and timely requested exclusion from the Class, the Action is dismissed with prejudice.

8. Upon the Effective Date (as defined in the Stipulation), all Released Claims of each and every member of the Class are and shall be deemed to be conclusively released as against the Released Parties. All persons and entities who are in the Classes are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Released Parties, in this or any other jurisdiction or forum, any and all Released Claims (as defined in the Stipulation).

9. The distribution of the Notice of Proposed Class Action Settlement and Notice of Settlement Share as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of California Code of Civil Procedure section 382, due process, and any other applicable law.

10. In addition to their Motion for Final Approval of the Stipulation, Plaintiffs and Class Counsel filed a Motion for Award of Attorneys' Fees, Costs, and Incentive Payments. [Doc. # 132.] Class Counsel sought an award of attorneys' fees in the amount of $28,750.00 (representing 25% of the total settlement amount) and litigation expenses of $39,000.00. *Id.* Plaintiff requested incentive payment of $10,000.00. *Id.* Those motions are granted. The Court finds that Class Counsel have skillfully advanced legal theories on a contingency-fee basis, and their efforts resulted in satisfactory results for the Class, given all the circumstances. The Court, given these results and the risk undertaken by Class

Counsel, awards Class Counsel attorneys' fees of 25% of the $115,000.00 Gross Maximum Settlement Amount. In conjunction with making these findings, the Court has determined that the billing rates of Class Counsel are reasonable and commensurate with market rates in Los Angeles County and approves those rates. The Court further finds that Class Counsel's expenses were reasonably incurred in prosecuting this case. Finally, the Court finds that the proposed incentive payment to Plaintiff is reasonable in light of the services he performed on behalf of the Classes and the risks he undertook in bringing and advancing this lawsuit. The Court further notes that no Class Member has objected to the proposed award of attorneys' fees, litigation expenses, and incentive payments. Accordingly, the Court grants Plaintiff's and Class Counsel's motion in its entirety.

11. The Court further orders that the Claims Administrator, CPT Group., shall be paid an amount of $12,000.00 for the administration of claims in this matter, and said sum shall be paid out of the Gross Maximum Settlement Amount in accordance with the terms of the Stipulation.

12. Any amounts of the Gross Settlement Sum that remain after the payments to the Settlement Class Members, Named Plaintiff, and Class Counsel shall be distributed to a *cy pres* beneficiary to be designated by the Court, except that if less than $1,000 remains, those amounts shall escheat to the State of California through its Unclaimed Property Law.

13. Without affecting the finality of this Amended Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Amount, including interest earned thereon; (b) disposition of the Settlement Amount; (c) hearing and determining applications for attorney fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administrating the Stipulation and the Settlement therein.

14. In the event that the Settlement does not become effective in

accordance with the terms of the Stipulation or the Effective Date does not occur, then this Amended Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. There is no just reason for delay in the entry of this Amended Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

DATED: November 3, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE